UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION – BAY CITY

IN RE:

JASON DALE BALL
and JILL MARIE BALL,
Debtors.
_____/

Case No. 17-22574-dob
Chapter 13 Proceeding
Hon. Daniel S. Opperman

OPINION REGARDING CHAPTER 13 TRUSTEE'S MOTION FOR COSTS AND
ATTORNEY FEES PURSUANT TO BANKRUPTCY RULE 3001

The Chapter 13 Trustee Thomas McDonald ("Trustee") requests sanctions of $400.00 because creditor Financial Edge Credit Union ("Financial Edge") filed a Proof of Claim indicating that an account the Debtors opened with Financial Edge on August 13, 2009 was overdrawn. From the scant documents attached to this Proof of Claim, the Trustee deduced that the statute of limitations applied to this obligation, so he objected to the Proof of Claim. Financial Edge amended its Proof of Claim to detail that the overdrawn status did not occur until 2017. The Trustee then withdrew his objection, but now seeks damages of $400.00 for sanctions because Financial Edge did not initially file its Proof of Claim properly. Because the Court concludes that the Proof of Claim as originally filed was deficient, but that other steps could have been taken to avoid the need to either object to the Proof of Claim or file the motion by the Trustee, the Court awards $200.00 in favor of the Trustee and against Financial Edge.

Jurisdiction

This Court has subject matter jurisdiction over this proceeding under 28 U.S.C. § 1334(b), 28 U.S.C. § 157, and E.D. Mich. LR 83.50(a). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) (matters concerning the administration of the estate).

1

## Facts

The Debtors filed their Chapter 13 petition with this Court on December 28, 2017. One of their creditors, Financial Edge, filed two Proofs of Claim with this Court on January 31, 2018. The Proof of Claim in issue in this case is 4-1 in the amount of $252.48 that arises from an account opened by both Debtors with Financial Edge on August 13, 2009. The Proof of Claim only attached a copy of the deposit account contract and the statement of account did not include the last payment date. The statement did indicate that the principal balance owed to Financial Edge was $102.48, with a courtesy pay fee of $150.00 for a total of $252.48. The Trustee objected to this Proof of Claim on March 5, 2018 and Financial Edge amended the Proof of Claim the next day, March 6, 2018 to include the date of the last payment on the account to be June 29, 2017. The Court confirmed the Debtors' Chapter 13 Plan on March 23, 2018. The Trustee subsequently withdrew his objection to the Proof of Claim on April 18, 2018 but filed a Motion for Sanctions on the same date. Financial Edge filed a timely response and this Court conducted a hearing on May 31, 2018. At this hearing, both counsel for Financial Edge and the Trustee expressed a willingness to hold this matter in abeyance to allow each office an opportunity to sort through various issues. The Court granted this request but was informed by the Trustee on January 10, 2019 that no further proofs were needed and that a decision was expected from this Court.

## Applicable Law

Rule 3001. Proof of Claim

> . . .
>
> (c) Supporting Information.
>
> . . .
>
> (2) *Additional Requirements in an Individual Debtor Case; Sanctions for Failure to Comply*. In a case in which the debtor is an individual:

. . .

        (D) If the holder of a claim fails to provide any information required by this subdivision (c), the court may, after notice and hearing, take either or both of the following actions:

. . .

        (ii) award other appropriate relief, including reasonable expenses and attorney's fees caused by the failure.

        (3) *Claim Based on an Open-End or Revolving Consumer Credit Agreement.*

        (A) When a claim is based on an open-end or revolving consumer credit agreement — except one for which a security interest is claimed in the debtor's real property — a statement shall be filed with the proof of claim, including all of the following information that applies to the account:

        (i) the name of the entity from whom the creditor purchased the account;

        (ii) the name of the entity to whom the debt was owed at the time of an account holder's last transaction on the account;

        (iii) the date of an account holder's last transaction;

        (iv) the date of the last payment on the account; and

        (v) the date on which the account was charged to profit and loss.

## Analysis

The debt owed by the Debtors to Financial Edge was an open-end consumer debt based upon various overdrafts of their account with Financial Edge. Accordingly, Rule 3001(c)(3) required Financial Edge to give additional details as to its Proof of Claim. The most important details in issue here involve the date of the account holder's last transaction and the date of the last payment. This information was not supplied by Financial Edge in its initial Proof of Claim. The Trustee, being mindful of the duty imposed upon him by the United States Supreme Court in the

3

case of *Midland Funding, LLC v. Johnson*, 137 S. Ct. 1407 (2017), reviewed this Proof of Claim and wanted to ensure that the statute of limitations did not preclude him from paying it. Accordingly, he objected to the Proof of Claim and Financial Edge amended it the next day. As the amendment made it clear that the Trustee could not continue his objection, he subsequently withdrew that objection, but also filed a motion to recover his costs because he had to file the original objection.

Financial Edge's major defense to the Trustee's objection was that it amended the Proof of Claim immediately to show that it was not barred by the statute of limitations. Also, Financial Edge argues that an email or phone call could have pointed out the deficiency of its Proof of Claim and would have prompted it to amend the Proof of Claim without the need of an objection, all as allowed by Rule 3001(c)(2)(D)(ii).

Here, both parties are right and wrong. Per Bankruptcy Rule 3001(c)(3), Financial Edge should have filed the necessary statement with its original Proof of Claim under that Rule but did not do so. As it stood, the Trustee had the recourse to object to the Proof of Claim but could have either called or written counsel for Financial Edge to have it supplemented. Once Financial Edge found out that the Trustee had an issue with its Proof of Claim, it supplemented the Proof of Claim the next day.

Rule 3001(c)(2) allows this Court to award other appropriate relief, including reasonable expenses and attorney fees caused by the failure of Financial Edge. Here, Financial Edge failed to file a Proof of Claim as required by Rule 3001, so some award may be appropriate, but the amount requested by the Trustee, $400.00, while nominal, could have been drastically reduced if not eliminated by a simple phone call, email, or letter. So, while Financial Edge started this problem by filing a deficient Proof of Claim, the Trustee continued it by taking a more drastic

course of action. While the Trustee explains that he is charged with reviewing thousands of claims a year and does not have the time to do so informally, a more measured response is appropriate.

With these facts and under these circumstances, the Court finds and concludes that an award of $200.00 in favor of the Trustee and against Financial Edge is appropriate. This amount partially reimburses the Trustee for the costs and expenses that he incurred because the Proof of Claim was initially deficient but is significantly less than what was requested because other less drastic actions can and should have been taken.

The Court has entered an Order consistent with this Opinion.

**Not for Publication**

**Signed on January 22, 2019**

/s/ Daniel S. Opperman
Daniel S. Opperman
United States Bankruptcy Judge